UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brenda E. Canada
_____

Write the full name of each plaintiff.

-against-

Perkins Coie LLP
_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

18 CV 11635

(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes    ☐ No

## AMENDED
## EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Brenda | E. | Canada |
|---|---|---|
| First Name | Middle Initial | Last Name |

1920 McGraw Ave., #1F
Street Address

| Bronx, Bronx | NY | 10462 |
|---|---|---|
| County, City | State | Zip Code |

| (253) 951-5336 | bcanada2000@aol.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:  Perkins Coie LLP
Name
1201 Third Ave., Ste. 4900
Address where defendant may be served

| King County, Seattle | WA | 98101 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City         State         Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Perkins Coie LLP**
Name

**1920 McGraw Ave., #1F**
Address

**New York**         **NY**         **10112**
County, City         State         Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

    ☐ race: _____

    ☐ color: _____

    ☐ religion: _____

    ☐ sex: _____

    ☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: **1963**

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

IV. STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge?  October 3, 2016

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice?  September 12, 2018

    When did you receive the Notice?  September 14, 2018

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☐ direct the defendant to hire me
- ☐ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

    Plaintiff is seeking the following monetary relief:
    1. Back pay, including lost wages, benefits, and pre-judgment interest.
    2. Liquidated damages in the amount equal to any award of back pay for Defendant's willful violation of the ADEA.

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

July 19, 2019
Dated

Brenda C. Canada
Plaintiff's Signature

| Brenda | E. | Canada |
|---|---|---|
| First Name | Middle Initial | Last Name |

1920 McGraw Ave., #1F
Street Address

| Bronx, Bronx | NY | 10462 |
|---|---|---|
| County, City | State | Zip Code |

(253) 951-5336                    bcanada2000@aol.com
Telephone Number                 Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

*Canada v. Perkins Coie LLP*
*18-CV-11635*

---

Name (Last, First, MI)

| 1920 McGraw Ave., #1F | | NY | 10462 |
|---|---|---|---|
| Address | City | State | Zip Code |

**(253) 951-5336**

Telephone Number                                E-mail Address

---

Date                                             Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

Statement of Facts[1]

**Background**

1. Plaintiff Brenda Canada is a 56-year-old African American woman and former employee of Perkins Coie LLP ("Perkins").

2. This civil action challenges Perkins' unlawful termination of Ms. Canada due to her age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

**Ms. Canada's Work History Prior to 2015**

3. Ms. Canada worked as a legal secretary for Perkins in its Seattle office from March 16, 2000 to September 16, 2013, with a short break in 2006 between July 28 and October 30. Ms. Canada primarily supported the Trademark, Patent, and Product Liability practice groups while working in the Seattle office.

4. In late 2013, Ms. Canada was transferred to Perkins' New York office, where she continued to support the Patent practice groups.

5. On March 23, 2015, Ms. Canada met with her supervisor, office administrator Cynthia Lopez, to review Ms. Canada's job performance.

6. Ms. Canada was placed on a formal Corrective Action Plan for perceived deficiencies in her performance, focusing on alleged shortcomings in "customer service skills" and "effectively exchang[ing] information."

7. In May of 2015, Ms. Canada was released from the Corrective Action Plan.

8. Upon information and belief, Supervisor Lopez, as well as another supervisor, Lori Rulapaugh, were reprimanded by individuals at Perkins' Seattle office for putting Ms. Canada on the Corrective Action Plan without a sufficient basis for doing so.

---

[1] This document was prepared with assistance from the New York Legal Assistance Group's Clinic for *Pro Se* Litigants in the Southern District of New York.

1

9. On July 6, 2015, Ms. Canada received her yearly Supervisory Evaluation from Supervisor Lopez, indicating that she was "able to carry out the necessary tasks and responsibilities" and that "[s]he is competent within the practice in which she works."

10. With respect to the Corrective Action Plan from March 2015, Supervisor Lopez indicated that Ms. Canada "took the necessary steps to improve in [the area of professional excellence and customer service]" and that she "has made [sic] significant improvements in this area."

11. Supervisor Lopez also said, "Feedback received demonstrates that team members have appreciated [Ms. Canada's] willingness to share information," and "[Ms. Canada] has been a valued resource with her experience[.]"

12. Furthermore, Ms. Canada's co-workers stated that "[Ms. Canada] keeps up to date with the latest computer software used here and is very tech savvy."

## Ms. Canada is Assigned to a New Partner in March of 2016 and Experiences Age Discrimination

13. In March of 2016, Ms. Canada was reassigned to support a new partner ("the Partner") who had just joined the New York office's Emerging Companies & Venture Capital law practice.

14. The Partner indicated that Ms. Canada was too old to competently use the presentation software Microsoft PowerPoint, saying that "the software has changed quite a few times since you last used it."

15. This is in stark contrast to Ms. Canada's July 2015 Supervisory Evaluation, in which she was given highly positive feedback specifically about her facility with technology.

16. Further probative of Perkins' desire to push out older employees was its institution, on April 11, 2016, of an early retirement program for staff employees. Although voluntary, this program encourages employees of at least 55 years of age to retire.

**Ms. Canada is Forced to Resign From Her Position**

17. On April 21, 2016, Ms. Canada received a Final Written Warning from Supervisor Lopez, claiming that Ms. Canada was not a "team player" and that she refused to provide support to her co-workers.

18. Ms. Canada and Supervisor Lopez had a follow-up meeting where performance expectations were discussed. Ms. Canada contested Supervisor Lopez's stated basis for giving her a Final Written Warning.

19. On April 28, 2016, Ms. Canada was asked to resign in lieu of formal termination.

20. Approximately six months after forcing Ms. Canada to resign, Perkins hired a younger female secretary, Ms. Raquel Alfonso, to replace her.

21. Upon information and belief, Ms. Alfonso was approximately 34 years old when hired, twenty years younger than Ms. Canada.

22. The stated reason for Ms. Canada's Final Written Warning and termination, namely her failure to be a "team player," is incongruous with Ms. Canada's most recent Supervisory Evaluation. Thus, Perkins' stated reason for forcing Ms. Canada to resign was pretextual, as in actuality she was forced out due to the Partner's reluctance to work with an older secretary, despite Ms. Canada's excellent qualifications.

23. Furthermore, the facts that Perkins hired a much younger legal secretary to replace Ms. Canada, and that before the Final Written Warning and termination, Perkins

attempted to push older workers out through its early retirement program, together give rise to the inference that Ms. Canada's age was the but-for reason for her forced resignation.

24. As shown by the above facts, Ms. Canada's forced resignation was in violation of the ADEA.

**Exhaustion of Administrative Remedies**

25. On October 3, 2016, Ms. Canada filed a charge with the U.S. Equal Employment Opportunity Commission ("the EEOC").

26. On September 14, 2018, Ms. Canada received a Notice of Right to Sue from the EEOC, which was dated September 12, 2018.

Dated: New York, New York
July 19, 2019

Respectfully submitted,

*Brenda Canada*
Brenda Canada
Pro Se Litigant (w/assistance from NYLAG)
1920 McGraw Ave., 1F
Bronx, NY 10462
(253) 951-5336

4