UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA E. CANADA, | No. 18-CV-11635 (JMF) |
|        Plaintiff, | |
|    v. | |
| PERKINS COIE LLP, | |
|        Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
<u>THE AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

CANADA'S ALLEGATIONS ................................................................................. 2

ARGUMENT ................................................................................. 4

   I.   The Amended Complaint Does Not State A Claim for Age Discrimination ...................... 4

     A.   Plaintiff Must Articulate Age-Related Animus In Order To Plead Age Discrimination Under The ADEA ................................................................................. 5

     B.   Plaintiff Has Failed To Plead That Age Was The "But-For" Cause For Her Termination ................................................................................. 8

       1.   Plaintiff Has Not Alleged Any Age-Based Discriminatory Animus From Supervisors Or Performance Evaluations ................................................................ 9

       2.   Plaintiff Has Not Alleged That Defendant Tried To Push Out Older Employees Through An Early Retirement Program ................................................................ 10

       3.   Hiring A Younger Employee Is Not Enough to Establish Age Discrimination ....... 10

CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................5

*Barone v. S & N Auerbach Mgmt., Inc.,*
  2014 WL 6977811 (E.D.N.Y. Dec. 8, 2014), *adhered to on reconsideration,*
  2015 WL 4988073 (E.D.N.Y. Aug. 19, 2015), *and aff'd,* 645 F. App'x 13 (2d
  Cir. 2016) ..............................................................................................................8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)...........................................................................................2, 4

*Braun v. Administrators for the Professions, Inc.,*
  2018 WL 3597504 (E.D.N.Y. July 26, 2018)........................................................6

*Brown v. Dep't of Educ. of City of New York,*
  2012 WL 1319859 (S.D.N.Y. Apr. 11, 2012), *aff'd sub nom. Brown v. New*
  *York City Dep't of Educ.,* 513 F. App'x 89 (2d Cir. 2013)..................................5, 6

*Fagan v. New York State Elec. & Gas Corp.,*
  186 F.3d 127 (2d Cir. 1999).........................................................................7, 8, 10

*Foster v. Humane Soc'y of Rochester & Monroe Cnty., Inc.,*
  724 F. Supp. 2d 382 (W.D.N.Y.2010) .................................................6, 7, 10, 11

*Garcha v. City of Beacon,*
  351 F. Supp. 2d 213 (S.D.N.Y. 2005)...................................................................2

*Geneste v. AGMA, Inc.,*
  2014 WL 5475392 (E.D.N.Y. Oct. 29, 2014) .......................................................5

*Gundlach v. Int'l Bus. Machines Corp.,*
  2012 WL 1520919 (S.D.N.Y. May 1, 2012), *aff'd on other grounds sub nom.*
  *Gundlach v. Int'l Bus. Machines Inc.,* 594 F. App'x 8 (2d Cir. 2014) ...................7

*Hirschberg v. Bank of Am., N.A.,*
  754 F. Supp. 2d 500 (E.D.N.Y. 2010) ...................................................................6

*In re Thelen LLP,*
  736 F.3d 213 (2nd Cir. 2013)................................................................................4

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Liburd v. Bronx Lebanon Hosp. Ctr.*,
   2008 WL 3861352 (S.D.N.Y. Aug. 19, 2008)..........................................................................7

*Lopez v. Jet Blue Airways*,
   662 F.3d 593 (2d Cir. 2011).............................................................................................5

*Mattera v. JPMorgan Chase Corp.*,
   740 F. Supp. 2d 561 (S.D.N.Y. 2010).........................................................................6, 9

*Raskin v. Wyatt Co.*,
   125 F.3d 55 (2d Cir.1997).............................................................................................7

*Urbina v. City of New York*,
   2016 WL 79991 (S.D.N.Y. Jan. 6, 2016), *aff'd*, 672 F. App'x 52 (2d Cir.
   2016) ...........................................................................................................................4

**STATUTES**

29 U.S.C. §§ 621-634 ("ADEA") ............................................................................ passim

Civil Rights Act of 1964, 42 Title VII. U.S.C. §§ 2000e to 2000e-17 ................................. passim

**RULES**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................4

Federal Rule of Civil Procedure 12(c) ................................................................. passim

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Perkins Coie LLP ("Defendant," the "Firm" or "Perkins Coie") respectfully submits this memorandum of law in support of its Motion to Dismiss the Amended Complaint filed on July 19, 2019 by Plaintiff Brenda E. Canada ("Plaintiff" or "Canada").

## PRELIMINARY STATEMENT

Plaintiff asserts a single claim under the Age Discrimination Act in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634 against her former employer, Perkins Coie. Plaintiff's allegations of discrimination constitute nothing more than subjective speculations; her termination actually arose following a series of well-documented performance lapses. In an effort to bolster her claim, Plaintiff sets out thinly-drawn allegations which, even if accepted as true, fail to state a claim for age discrimination.

Plaintiff's subjective speculation aside, the Amended Complaint alleges one contextless comment by a partner that did not address Plaintiff's age; selective reference to positive comments in Canada's performance reviews; the existence of a bona fide early retirement program; and the hiring of a younger employee *six months* after Plaintiff's termination. This sparse collection of allegations cannot support an inference of age-based animus for Plaintiff's termination, let alone meet the "but-for" standard for establishing age discrimination in the Second Circuit. Indeed, the case law clearly holds that these types of bare-bones allegations fail to state a claim under the ADEA.

As demonstrated herein, even accepting Canada's allegations as true and construing them most favorably to her, Canada simply has not set forth allegations that could support her claims of age discrimination. Rather, Canada's allegations at best boil down to her own subjective speculations, the identification of legitimate corporate policies and the hiring of other employees

1

having no bearing upon Canada's termination. Accordingly, Defendant respectfully requests that the Amended Complaint be dismissed with prejudice pursuant to Rule 12(c).[1]

## CANADA'S ALLEGATIONS

The following recitation is based on the allegations of the Amended Complaint, which must be construed most liberally and taken as true on this motion, *see Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), *Garcha v. City of Beacon*, 351 F. Supp. 2d 213, 216 (S.D.N.Y. 2005).  Defendant would contest Canada's factual allegations in multiple respects and would address her many material omissions were this motion to be denied.

Canada was initially hired as a legal secretary in the Seattle office of Perkins Coie, where she worked from approximately March 16, 2000 to July 28, 2006, and from October 30, 2006 to September 16, 2013, primarily supporting the Trademark, Patent and Product Liability practice groups.  Amended Complaint ("Am. Compl.") at ¶ 3. Upon her transfer to the Firm's New York office, Canada alleges that she supported the Patent group until April 2016.  *Id* at ¶¶ 4, 19.

Canada alleges that, during her time working in the New York office, Cynthia Lopez and Lori Rulapaugh, administrators for the office, placed her on a formal Corrective Action Plan for "perceived deficiencies in her performance" with respect to "alleged shortcomings in 'customer service skills' and 'effectively exchang[ing] information.'"  *Id*. at ¶ 6. Plaintiff contends that she was released from the Corrective Action Plan in May 2015, with Ms. Lopez indicating that Plaintiff "'took the necessary steps to improve in [the area of professional excellence and

---

[1]     This Court previously ordered that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion for judgment on the pleadings" after the filing of the Amended Complaint. (ECF #36).

customer service]' and that she 'has made [sic] significant improvements in this area.'" *Id*. at ¶ 7, 10.  Plaintiff alleges that on her July 6, 2015 yearly Supervisory Evaluation from Ms. Lopez, Ms. Lopez indicated that Plaintiff was "'able to carry out the necessary tasks and responsibilities' and that '[s]he is competent within the practice in which she works,'" which, at the time, was the Trademark, Patent, and Product Liability practice group. *Id*. at ¶ 4, 9, 13. Finally, Plaintiff alleges that one of her co-workers stated that she "keeps up to date with the latest computer software used here and is very techy savvy." *Id*. at ¶ 12.

In March 2016, a new partner (the "Partner") joined the New York office's Emerging Companies & Venture Capital ("ECVC") law practice.  Canada was assigned to support the Partner and the ECVC practice instead of the Trademark, Patent and Product Liability practice group. *Id* at ¶ 13. On April 21, 2016, Lopez issued Canada a "Final Written Warning," which addressed her performance deficiencies in the ECVC assignment. *Id*. at ¶ 17. Lopez had a follow-up meeting with Canada to discuss her ECVC performance expectations.  *Id*. at ¶ 18. On April 28, 2016, Canada resigned in lieu of termination. *Id*. at ¶ 19.

Canada contends that the Partner at one point commented that the presentation software Microsoft PowerPoint "has changed quite a few times since you last used it." *Id*. at ¶ 14. Notably, Canada does not claim that this comment was untrue.  She nonetheless *speculates*, without any factual support, that this comment (which makes no reference to Plaintiff's age or competence) "indicated that [she] was too old to competently use the software."  *Id*.

Plaintiff asserts that, on April 11, 2016, Perkins Coie instituted an early retirement program for staff employees of at least 55 years of age.  *Id*. at ¶ 16. Canada was not eligible for this benefit (at the time of her termination she was approximately 52 years old), and she does not allege that it had any impact on her or her tenure at the Firm.  *Id*. at Section I.  Nor does she

allege that it was unlawful. As discussed below, voluntary early requirement programs are specifically authorized by the ADEA. However, Canada *speculates*, without any factual support, that this program evinced a "desire to push out older employees." *Id*. at ¶ 16.

Finally, Plaintiff alleges that Perkins Coie hired a "younger female secretary" to replace her six months after her termination. *Id.* at ¶ 20. Canada submits that this hiring, combined with her speculations that (a) the Firm had attempted to "push older workers out through its early retirement program" and (b) the Partner was "reluctan[t] to work with an older secretary," supports an inference that Plaintiff's "age was the but-for reason for her forced resignation." *Id*. at ¶¶ 22-23. No matter how liberally read, these thin allegations fail to state a claim that can withstand legal scrutiny.

## ARGUMENT

### I.   The Amended Complaint Does Not State A Claim for Age Discrimination

Rule 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." In deciding Rule 12(c) motions to dismiss, the Court may "consider only the complaint itself and documents that are attached to it, incorporated by reference, or on which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2nd Cir. 2013). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Urbina v. City of New York*, 2016 WL 79991, at *2 (S.D.N.Y. Jan. 6, 2016), *aff'd*, 672 F. App'x 52 (2d Cir. 2016).

When assessing a motion to dismiss for failure to state a claim, the court accepts as true all of the factual allegations contained in the complaint and construes the complaint in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Court

only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways,* 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted). But the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Ashcroft v.Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 544, 555).

### A.   Plaintiff Must Articulate Age-Related Animus In Order To Plead Age Discrimination Under The ADEA

To state a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate that age discrimination was a "but-for" cause of her termination, and "not just a contributing or motivating factor." *Geneste v. AGMA, Inc.*, 2014 WL 5475392, at *11 (E.D.N.Y. Oct. 29, 2014).  This requires a plaintiff to show that "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Id*. at *10 (E.D.N.Y. Oct. 29, 2014).

There is no reasonable basis for finding age discrimination if a plaintiff cannot recall any action or present any indication that management took action or made a statement based on her age.  *Id*.  Moreover, mere speculation or a subjective belief that age was the reason for termination is not sufficient to constitute a "but for" cause.  *Brown v. Dep't of Educ. of City of*

*New York*, 2012 WL 1319859, at *6 (S.D.N.Y. Apr. 11, 2012), *aff'd sub nom. Brown v. New York City Dep't of Educ.*, 513 F. App'x 89 (2d Cir. 2013) (holding that speculative allegations about an employer preferring young employees was not sufficient to state a "but for" cause of termination based on age discrimination) *Braun v. Administrators for the Professions, Inc.*, 2018 WL 3597504, at *6 (E.D.N.Y. July 26, 2018) (allegations that defendant had a practice of hiring younger employees, combined with isolated comments "teas[ing]" about retirement, were dismissed under Rule 12(c) because there was no evidence age was the "but-for" cause of termination).  Dismissal of an ADEA claim is appropriate where a plaintiff does not allege facts indicating that age was a motivating factor in *her* termination. *See Foster v. Humane Soc'y of Rochester & Monroe Cnty., Inc.,* 724 F. Supp. 2d 382, 390–91 (W.D.N.Y.2010).

To state a claim under the ADEA, a plaintiff must also sufficiently plead that the actions taken against her were "motivated by an age-based discriminatory animus." *Hirschberg v. Bank of Am., N.A.*, 754 F. Supp. 2d 500, 517 (E.D.N.Y. 2010). Canada's allegations--whether considered alone or in combination--fail to meet this standard.

Canada's allegations that her written warning and termination were "incongruous" with her 2015 evaluation do not withstand scrutiny, much less support an inference of discriminatory intent. To the extent that a plaintiff alleges a poor performance review was pretextual, she must also contend that "her age played any role in the poor performance reviews she received" because "a plaintiff's "subjective disagreement" with negative performance feedback is not a viable basis for a discrimination claim." *Id*. at 518.  Prior positive evaluations and past favorable reviews in different positions at an employer are not necessarily inconsistent with poor performance reviews after moving to a new position. *Mattera v. JPMorgan Chase Corp.*, 740 F.

Supp. 2d 561, 577 (S.D.N.Y. 2010). These facts alone cannot support a finding of pretextual termination, as the poor review could stem from legitimate performance issues. *Id.*

Insofar as Canada references an early retirement program, the law is clear that "[t]he existence of the early retirement plan is not evidence of age discrimination," because "the ADEA creates a safe harbor for voluntary early retirement plans that are 'consistent with the relevant purpose or purposes' of the ADEA, and the implementation of such a plan by an employer cannot serve as evidence of unlawful age discrimination. *Raskin v. Wyatt Co.,* 125 F.3d 55, 61–62 (2d Cir.1997) (quoting 29 U.S.C. § 623(f)(2)(B)(ii)). Such plans are accurately perceived not as a sign of discrimination, but as a benefit to the recipient. *Fagan v. New York State Elec. & Gas Corp.*, 186 F.3d 127, 133 (2d Cir. 1999).

Nor is the mere fact that a terminated employee was replaced by a younger individual sufficient to overcome a motion to dismiss. In *Foster v. Humane Soc'y of Rochester & Monroe Cnty., Inc.,* 724 F. Supp. 2d 382, 390–91 (W.D.N.Y.2010), the court held that plaintiff's allegation that she was discriminated against due to being replaced by a woman in her thirties "is not enough to give rise to an age discrimination claim.... If it were, then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger, without exposing itself to potential liability for age discrimination. That is not the law." *See also Gundlach v. Int'l Bus. Machines Corp.*, 2012 WL 1520919, at *6 (S.D.N.Y. May 1, 2012), *aff'd on other grounds sub nom. Gundlach v. Int'l Bus. Machines Inc.*, 594 F. App'x 8 (2d Cir. 2014) (ADEA claim dismissed when plaintiff alleged that his work was divided among other personnel, at least one of whom was significantly younger, after he was dismissed); *Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008) (allegation that plaintiff was replaced by younger employee after

termination, "without more, is not enough to survive a motion to dismiss"); *Barone v. S & N Auerbach Mgmt., Inc.*, 2014 WL 6977811, at *4 (E.D.N.Y. Dec. 8, 2014), *adhered to on reconsideration*, 2015 WL 4988073 (E.D.N.Y. Aug. 19, 2015), *and aff'd*, 645 F. App'x 13 (2d Cir. 2016) (ADEA claim dismissed under Rule 12(c) when plaintiff alleged that defendant hired a 30-year-old male to perform most of his duties at a substantially reduced salary); *Fagan v. New York State Electric & Gas Corp.,* 186 F.3d 127, 134 (2d Cir.1999) ("The replacement of an older worker with a younger worker or workers does not itself prove unlawful discrimination.").

The Amended Complaint fails in its effort to plead violations of ADEA. Because the Amended Complaint lacks sufficient allegations to state a claim that is plausible on its face, it should be dismissed with prejudice.

**B.    Plaintiff Has Failed To Plead That Age Was The "But-For" Cause For Her Termination**

Plaintiff has failed to plead that her termination occurred under circumstances giving rise to an inference of age discrimination. She has set forth only a single contextless anecdote from a partner she worked with; that the Firm has a legal voluntary early retirement program; and that she was replaced by a younger employee. Indeed, Canada fails to allege that anyone at the Firm took any action or made any statement based on any *age-based* animus. The Amended Complaint, even when construed most favorably towards Plaintiff, contains only bare-bones allegations that do not cross the threshold into stating a plausible claim for relief. Therefore, Canada's Amended Complaint fails to allege that age discrimination was a "but-for" cause of her termination, and her claim under the ADEA must be dismissed.

1.     **Plaintiff Has Not Alleged Any Age-Based Discriminatory Animus From Supervisors Or Performance Evaluations**

Canada contends that the Partner had a "reluctance" to work with an older secretary, but the only factual allegation she offers to support this is his supposed comment that "the software has changed quite a few times since you last used it" -- which does not refer to any reluctance to work with her, her age, or her competence at the software.

First, the Partner's purported comment does not explicitly mention her age or suggest any hint of age-based animus. Plaintiff makes a speculative leap that this one isolated comment was somehow related to her age, and the Amended Complaint does not contain sufficient allegations of age-based animus to state a claim that is plausible on its face. Plaintiff contends that this comment "indicated that [she] was too old to competently use … Microsoft PowerPoint," but this constitutes nothing more than her subjective interpretation lacking any support in the factual allegations of the Amended Complaint.

Plaintiff contends that this one comment, combined with her prior positive performance reviews, somehow demonstrates she was "forced out due to the Partner's reluctance to work with an older secretary." Am. Compl. at ¶ 22.  Canada is wrong in both respects as a matter of law. The comment itself does not indicate any "reluctance" to work with her due to her age.  In addition, prior positive evaluations do not necessarily support a finding that a subsequent termination was pretextual.  *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 577 (S.D.N.Y. 2010). In fact, the Amended Complaint itself states that Plaintiff's performance issues were consistently raised throughout the years and elevated after she switched to a new position in 2016, after which she then received a Final Written Warning. Am. Compl. at ¶¶ 13, 17. In such a situation, past favorable reviews are not inconsistent with poor reviews following a switch to a

new position, and they are not probative of age discrimination without more specific allegations.

*Mattera*, 740 F. Supp. 2d. at 577.

### 2.      Plaintiff Has Not Alleged That Defendant Tried To Push Out Older Employees Through An Early Retirement Program

Second, Plaintiff alleges that Perkins Coie had a "desire to push out older employees"

through its implementation of an early retirement program, but the Amended Complaint fails to

establish any link between this program and her termination, let alone any facts that

demonstrated Perkins Coie used the program to pursue age-based discrimination. In fact, at the

time of her termination, Plaintiff was 52 years old -- not even yet eligible for the plan, which she

contends was for those aged 55 and older. Am. Compl. at ¶ 16. Canada asserts that the mere

existence of the program is probative of Defendant's "desire to push out older employees." *Id*.

However, voluntary early retirement plans are consistent with the relevant goals and purposes of

the ADEA, and the presence of such a program does not establish unlawful age discrimination.

*See Fagan*, 186 F.3d at 133.  In short, Plaintiff has not pleaded a single fact suggesting how the

Firm's early retirement program might have been probative of age discrimination, aside from the

fact that it exists. This is plainly insufficient to state a claim for age discrimination under the

ADEA.

### 3.      Hiring A Younger Employee Is Not Enough to Establish Age Discrimination

Finally, Plaintiff claims that the Firm's hiring of a "younger female secretary" who was

approximately 34 years old to replace her, together with the Partner's comment and the early

retirement program, gave rise to an inference that her age was the "but-for" reason for

termination. Am. Compl. at ¶ 23.  This thread is markedly too thin to support a claim under the

ADEA.  As the court noted in *Foster v. Humane Soc'y*, 724 F. Supp. 2d at 390-91, the fact that an employee was replaced by a woman in her thirties did not give rise to an ADEA claim because otherwise, "any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger, without exposing itself to potential liability for age discrimination." Plaintiff has not pleaded any facts indicating that the hiring of the younger secretary was motivated by age.

## CONCLUSION

Canada does not set forth a single allegation demonstrating that anyone at the Firm took any action or made any statement based on any age-based animus. All Canada has pleaded is one Partner's isolated comment that does not actually mention her age or work, the fact that the Firm has a legal voluntary early retirement program, and the fact that the Firm hired a younger employee to replace her. These facts, even when construed most favorably towards the Plaintiff, are bare-bones allegations that do not cross the threshold into stating a plausible claim for relief. Canada's Amended Complaint failed to allege that age discrimination was a "but-for" cause of her termination.  These allegations are insufficient to support any age-based discriminatory animus by the Defendant, and the Amended Complaint must be dismissed.

For all the foregoing reasons, Defendant respectfully submits that the Amended Complaint should be dismissed with prejudice.

Dated: New York, New York.
      August 9, 2019

Respectfully submitted,

**PERKINS COIE LLP**


By:/s/ *Adam H. Schuman*
    Adam H. Schuman
    Evelyn Y. Pang
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036
    Tel.: (212) 262-6900
    Fax: (212) 977-1649

*Attorneys for Defendant*
*Perkins Coie LLP*