UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BRENDA E. CANADA,  :
:
Plaintiff, :
: 18-CV-11635 (JMF)
-v- :
: MEMORANDUM
PERKINS COIE LLP, : OPINION AND ORDER
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The law firm Perkins Coie LLP moves for judgment on the pleadings with respect to the Amended Complaint of its former employee, *pro se* Plaintiff Brenda E. Canada, which alleges wrongful termination from her position as a legal secretary in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq*. *See* ECF No. 37 ("Compl."), ¶¶ 1-3. Canada's Amended Complaint is certainly thin, but to survive a motion for judgment on the pleadings, a plaintiff alleging violation of the ADEA need not plead facts that "give plausible support to the ultimate question of whether the adverse employment action" of which she complains "was attributable to discrimination." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). Instead, "absent direct evidence of discrimination," an ADEA plaintiff need only "plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 32 (2d Cir. 2016) (summary order) (quoting *Littlejohn*, 795 F.3d at 311).

Canada does so by alleging that she is over forty, was qualified to work as a legal secretary at Perkins Coie, was "forc[ed] . . . to resign" for pretextual reasons, and was replaced by a thirty-four-year-old. Compl. ¶¶ 1, 9-12, 20, 22-23; *see, e.g., Littlejohn*, 795 F.2d at 311

(requiring a plaintiff alleging workplace discrimination to, at a minimum, plead facts plausibly supporting "that plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent"); *Gonzalez v. Carestream Health, Inc.*, 520 F. Appx. 8, 10 (2d Cir. 2013) (summary order) (vacating dismissal of an ADEA claim where the plaintiff alleged that "he is a sixty-year-old man with 'stellar' performance evaluations, who was terminated for pretextual reasons" and that his employer "maintained substantially younger workers"); *cf. Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (in vacating summary judgment as to an ADEA claim, finding the plaintiff established a *prima facie* case of discrimination in pleading that she "[is] over forty years old, undisputedly qualified for her position, was fired, and was then replaced by a woman in her twenties"); *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 199 (2d Cir. 1999) (holding that the replacement of an employee within the protected class by two others, one eleven years younger and the other eight months younger, within a year of plaintiff's termination satisfied the fourth element of a *prima facie* case under the ADEA). Accordingly, Perkins Coie's motion must be and is DENIED.

The parties shall appear for an initial pretrial conference to discuss the prospects of settlement and to set a discovery schedule on **March 3, 2020, at 4:00 p.m.** in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

The Clerk of Court is directed to terminate ECF No. 39 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: February 19, 2020
      New York, New York

JESSE M. FURMAN
United States District Judge